### NICHOLAS MUNOS v. THE STATE.

#### *No. 719.   Decided May 18.*

**New Trial—Misconduct of Juror Reading Law Book.**—On the trial of a burglary case, where, after the case had been submitted to the jury, and while they were considering of their verdict, one of the jurors procured a volume of Reports, and afterwards, in support of the motion for new trial, he made an affidavit stating, that after reading a certain case in said book, where there was a conviction for a similar offense to the one on trial, he agreed to the conviction of defendant, *Held,* not sufficient ground for new trial in the absence of a showing as to how and in what manner the decision affected the mind of the juror, or how the defendant was injured.

APPEAL from the District Court of Atascosa. Tried below before Hon. M. F. LOWE.

This is an appeal from a conviction for burglary, the punishment being assessed at two years' imprisonment in the penitentiary.

There is no statement of facts in the record.

No briefs have come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was convicted of burglary, and his punishment assessed at two years in the State penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal.

There is no statement of facts in this case. The indictment is in proper form, and the charge of the court is applicable to a state of facts that might have been proved. The appellant made a motion for a new trial in this case, on the ground that one of the jurors, Stonell by name, after the jury had retired, by some means procured a volume of the Texas Reports, and read the case of Prince v. The State. See 44 Texas, 481. Said juror makes his affidavit, in which he states this fact, and the further fact, that before he read said case he had not made up his mind in favor of conviction, but after reading same, that he agreed to the conviction of the defendant. He also intimates in his affidavit that other jurors were so influenced; but this is denied, and it is not made to appear that the decision in question had any effect on them, and it is shown that they had all agreed on a verdict before said case was produced or anything said about it (except the juror Stonell). We have examined the decision in question, and how it could have affected the mind of the juror we have not been enabled to discover. Nor does the juror disclose how the reading of said opinion had this effect; but if same was injurious, in order for the defendant to have availed himself of it, he should have shown how the reading of said decision operated to his prejudice. Said case is such a case as might ordinarily be read to the court in presence of the jury for the purpose of invoking a charge or by way of illustration; but not having the facts of the case on trial before us, we can not say whether it was applicable or not to the case then being tried before the court. It is the general rule in such a case, in order to avail himself of error, the appellant must show that some injury resulted. Anschicks v. The State, 6 Texas Crim. App., 525; Spencer v. The State, ante, p. 238.

There being no error in the record, the case is affirmed.

*Affirmed.*

Judges all present and concurring.